OPINION *Page 2 
{¶ 1} On February 2, 2007, appellee, Andrea Decker, filed a complaint against appellants, Dan's Auto Sales and Dan Dixon, claiming violations of the Consumer Sales Practices Act, the Truth in Lending Act, and the Retail Installment Sales Act, and conversion for wrongful repossession of her vehicle. After purchasing a used vehicle from appellants, appellee believed the vehicle was paid in full, but appellants claimed she still owed $800.00. Appellants repossessed her vehicle on November 22, 2006.
 {¶ 2} A bench trial commenced on August 16, 2007. By judgment entry filed December 11, 2007, the trial court found in favor of appellee and awarded her as against appellants $2,000.00.
 {¶ 3} Appellants filed an appeal on March 25, 2008, but did not pursue the appeal. On April 4, 2008, appellee filed a cross-appeal and assigned the following error:
 CROSS-ASSIGNMENT OF ERROR I {¶ 4} "THE TRIAL COURT ERRED WHEN IT GRANTED CROSS-APPELLANT'S CLAIM FOR DAMAGES UNDER THE DEPOSIT RULE OF THE CONSUMER SALES PRACTICES ACT BUT FAILED TO TREBLE THE DAMAGES AS REQUIRED BY THE ACT."
 {¶ 5} This matter is now before this court for consideration. Appellants herein will be referred to as cross-appellees and appellee herein will be referred to as cross-appellant. *Page 3 
 CROSS-ASSIGNMENT OF ERROR I {¶ 6} At the outset, we note cross-appellees failed to file an appellate brief in their direct appeal and failed to file a response to cross-appellant's cross-appeal.
 {¶ 7} Cross-appellant claims the trial court erred in determining damages arising out of the "Deposit Rule" as the trial court awarded her only $500.00 in damages. Cross-appellant claims pursuant to R.C. 1345.09(A) and (B), she was entitled to treble damages. We agree.
 {¶ 8} In its judgment entry filed December 11, 2007, the trial court specifically ruled as follows regarding the "Deposit Rule" contained in Ohio Adm. Code 109:4-3-07(B):
 {¶ 9} "This matter came on for the Court's consideration upon the Plaintiff's Complaint and the Defendant's Answer thereto. The matter was tried before the Court on August 16, 2007. The Court, being fully advised, rules in favor of the Plaintiff as follows:
 {¶ 10} "1. For violating the deposit rule, specifically O.A.C. Section 109:4-3-07B, the Court awards her $500.00."
 {¶ 11} R.C. 1345.09 governs consumer's relief. Subsections (A) and (B) state the following:
 {¶ 12} "(A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages. *Page 4 
 {¶ 13} "(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended."
 {¶ 14} The issue of whether cross-appellees' action was a deceptive or unconscionable act or practice was unchallenged. Under a reading of R.C. 1345.09(A) and (B), we find because recession was not an option as the vehicle had been repossessed, the $500.00 amount should have been trebled.
 {¶ 15} Upon review, we find the trial court erred in failing to award treble damages on the "Deposit Rule" violation.
 {¶ 16} The sole assignment of error is granted. *Page 5 
 {¶ 17} The judgment of the Municipal Court of Licking County, Ohio is hereby reversed. Pursuant to App. R. 12, judgment is entered for cross-appellant in the amount of $1,500.00 instead of $500.00 as damages for the "Deposit Rule" violation. The total judgment awarded to cross-appellant is $3,000.00.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is reversed. Pursuant to App. R. 12, judgment is entered for cross-appellant in the amount of $1,500.00 instead of $500.00 as damages for the "Deposit Rule" violation. The total judgment awarded to cross-appellant is $3,000.00. Costs to cross-appellees. *Page 1